Larry R. Laycock (Bar No. 4868)
  *llaycock@mabr.com*
David R. Wright (Bar No. 5164)
  *dwright@mabr.com*
Jared J. Braithwaite (Bar No. 12455)
  *jbraithwaite@mabr.com*
MASCHOFF BRENNAN
201 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (435) 252-1360
Facsimile: (435) 252-1361

Ron W. Armstrong, II (*pro hac forthcoming*)
  *rwaii@armstrong-firm.com*
THE ARMSTRONG FIRM, PLLC
110 Broadway Suite 444
San Antonio, Texas 78205
Telephone: (210) 277-0542
Facsimile: (210) 277-0548

Attorneys for APPLIED ASPHALT TECHNOLOGIES, LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **Applied Asphalt Technologies, LLC**, a Texas limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> **Sam B Corp. f/k/a Burdick Paving**, a Utah corporation; <br> **John W. Burdick**, an individual; <br> **Kenneth Burdick**, an individual; <br> **Joseph Burdick**, an individual; <br> **C. Park Burdick**, an individual; and <br> **Kerry Farnsworth**, an individual, <br><br> Defendants. | Civil Action No. 2:14-cv-800-DAK <br><br> **Complaint** <br><br> Jury Demanded <br><br> District Judge Dale A. Kimball |

Plaintiff Applied Asphalt Technologies, LLC ("AAT") complains against defendants Sam B Corp. f/k/a Burdick Paving; John W. Burdick; Kenneth Burdick; Joseph Burdick; C. Park Burdick; and Kerry Farnsworth (collectively, "Defendants") as follows:

1

## THE PARTIES

1. Plaintiff Applied Asphalt Technologies, LLC is a Texas limited liability company having its principal place of business in Dallas County, State of Texas.

2. Defendant Sam B Corp., formally known as Burdick Paving, ("Burdick Paving") is a Utah corporation with its principal place of business at 1368 South 3000 West, Roosevelt, Utah 84066.

3. Defendant John W. Burdick, also known as Sam Burdick, is an individual residing in the State of Utah.

4. Defendant Kenneth Burdick is an individual, and son to John W. Burdick, residing in the State of Utah.

5. Defendant Joseph Burdick is an individual, and son to John W. Burdick, residing in the State of Utah.

6. Defendant C. Park Burdick is an individual, and son to John W. Burdick, residing in the State of Utah.

7. Defendant Kerry Farnsworth is an individual, and son-in-law to John W. Burdick, residing in the State of Utah.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, including 35 U.S.C. § 271, which gives rise to the remedies specified at least under 35 U.S.C. §§ 281, 283, 284, and 285.

9. This Court has subject matter jurisdiction over AAT's claims for relief pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Each of the Defendants is a resident of the State of Utah.

11. Each of the Defendants used, sold, contracted for the sale of infringing goods, or otherwise committed acts of patent infringement within the State of Utah. These actions by Defendants have resulted in injury to AAT and relate to, and in part give rise to, the claims asserted herein by AAT.

12. Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), and 1400(b).

## FACTUAL BACKGROUND

13. Because of the natural oil content in tar sand, the inclusion of tar sand in asphalt presents a cost-effective alternative to traditional hot asphalt, which requires substantial quantities of expensive, refined asphalt oil / liquid asphalt cement.

14. Gilman ("Gil") N. Mitchell and his father, Ned B. Mitchell, (the "Inventors") were in the business of manufacturing and installing asphalt road products in the Uintah County area and invented compositions and processes relating to asphalt road paving using tar sand (also known as, among other things, "oil sands").

15. The Inventors' innovative compositions and processes made the incorporation of the readily available and abundant tar sands into the hot asphalt manufacture and installation relatively simple and much less expensive than traditional methods.

16. The Inventors' innovative compositions and processes relating to asphalt road paving using tar sands are protected by, for example, U.S. Patent No. RE39,289 ("'289 Patent"), a copy of which is attached as Exhibit A.

17. Uintah County along with the Uintah Transportation Special Service District (the "District") adopted and submitted to funding authorities a plan for the paving of county roads utilizing processed native tar sands, a locally-abundant, naturally-occurring, carbon-based material, as the paving material.

18. The Inventors presented their patented process to the District after which the Inventors' patented compositions and processes became widely known, in particular among the Inventors' competitors.

19. Burdick Paving, the Inventors' major competitor in the Uintah County area, began to undermine the Inventors' business through widespread use of the Inventors' patented compositions and processes.

20. Burdick Paving as well as its individual officers or employees have infringed one or more claims of the '289 patent by making or using the claimed subject matter of the '289 Patent.

21. Prior to the filing of this Complaint, Burdick Paving was formally advised of the '289 Patent and offered an opportunity to consider a licensing agreement. Notwithstanding being so advised, Burdick Paving proceeded to willfully infringe one or more of the claims of the '289 patent.

22. The other individual defendants have been aware of the '289 Patent prior to the filing of this complaint, at least by way of the licensing opportunity offered to Burdick Paving.

23. The Defendants' infringement of the '289 Patent has occurred after each has been aware of the '289 Patent.

24. AAT alleges on information and belief that John W. Burdick, the owner of Burdick Paving, directed and facilitated the manufacture and use of the claimed subject matter of the '289 Patent.

25. AAT alleges on information and belief that John W. Burdick actively participated in and assisted in implementing operations at Burdick Paving that infringed the '289 Patent.

26. AAT alleges on information and belief that John W. Burdick actively participated in the acquisition of asphalt-production equipment for the purpose of making and using the claimed subject matter of the '289 Patent.

27. AAT alleges on information and belief that John W. Burdick actively marketed the products and services of Burdick Paving by working with private and governmental agents and preparing and placing bids for contracts based on the planned use of the patented compositions and processes of the '289 Patent.

28. AAT alleges on information and belief that Ken Burdick personally directed and participated in the operation of hot plants manufacture of asphalt for Burdick Paving. Ken Burdick personally and knowingly engaged in the manufacture and use of the Inventors' patented compositions and processes covered by the '289 Patent.

29. AAT alleges on information and belief that Ken Burdick actively participated in and assisted in implementing operations at Burdick Paving that infringed the '289 Patent.

30. AAT alleges on information and belief that Kerry Farnsworth acted as Burdick Paving's engineer and applied the teachings of the '289 Patent to fully adopt the manufacture and use of the subject matter claimed in the '289 Patent.

31. AAT alleges on information and belief that Kerry Farnsworth actively participated in and assisted in implementing operations at Burdick Paving that infringed the '289 Patent.

32. AAT alleges on information and belief that Kerry Farnsworth actively participated in the acquisition and configuration of asphalt-production equipment for the purpose of making and using the claimed subject matter of the '289 Patent.

33. AAT alleges on information and belief that Kerry Farnsworth actively marketed the products and services of Burdick Paving by working with governmental agents and preparing and placing bids for contracts based on the planned use of the patented compositions and processes of the '289 Patent.

34. AAT alleges on information and belief that Joseph Burdick actively participated in and assisted in implementing operations at Burdick Paving that infringed the '289 Patent.

35. AAT alleges on information and belief that Joseph Burdick actively participated in the use of compositions claimed by the '289 Patent through at least the construction of roads and other asphalt projects.

36. AAT alleges on information and belief that C. Park Burdick directed and participated in the manufacture of asphalt for Burdick Paving and actively participated in and assisted in implementing operations at Burdick Paving that infringed the '289 Patent.

37. AAT alleges on information and belief that C. Park Burdick actively marketed the products and services of Burdick Paving by preparing and placing bids for contracts based on the planned use of the patented compositions and processes of the '289 Patent.

38. In 2009 Burdick Paving entered into an asset purchase agreement with an industry competitor commonly known as Staker Parsons (Staker). Boasting records profits from the

financial advantages of their willful infringement, Burdick and its owners undertook continued efforts to direct Staker's asphalt production to include the claims of the '289 patent in order to evidence the financial basis presented in the buyout.

39. AAT alleges on information and belief that all of the Defendants have knowledge of the '289 Patent and that nonetheless the Defendants have engaged in willful infringement of the '289 patent.

40. AAT is the owner by assignment of the '289 Patent.

## FIRST CAUSE OF ACTION
## Infringement of the '289 Patent

41. AAT restates, restates, realleges, and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

42. Defendants have engaged in the use, manufacture, sell, or offer for sale, of asphalt or paving services falling within the scope of at least claim one of the '289 Patent. Such conduct constitutes infringement under 35 U.S.C. § 271.

43. Defendants, with knowledge of the '289 Patent, have directed and encouraged the infringement by others of the '289 Patent. Such conduct constitutes infringement under 35 U.S.C. § 271.

44. Burdick Paving, with knowledge of the '289 Patent, has induced at least the District to infringe the '289 Patent.

45. By at least the activities alleged herein, Defendants have infringed the '289 Patent.

46. Defendants' infringement of the '289 Patent has been willful.

47. AAT is entitled to relief against Defendants, pursuant to 35 U.S.C. §§ 283, 284, and 285, as more fully set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, AAT requests that the Court grant AAT the following relief:

1. A judgment finding Defendants liable for infringement of the '289 Patent;

2. An order temporarily, preliminarily, and permanently enjoining Defendants, their agents and servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner the '289 Patent, whether by making, using, selling, offering to sell, or importing in the United States any manufacture or process falling within the scope of any claims of the '289 Patent, pursuant to at least 35 U.S.C. § 283;

3. An award of damages, in an amount to be proven at trial, and a determination that such damages be trebled in view of the willful infringement by Defendants, pursuant to at least 35 U.S.C. § 284;

4. An award of pre-judgment interest, pursuant to at least 35 U.S.C. § 284;

5. An award of costs in bringing this action, pursuant to at least 35 U.S.C. § 284;

6. A declaration that this is an exceptional case and an award of attorney fees and expenses, pursuant to at least 35 U.S.C. § 285;

7. An award of post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

8. All other relief which this Court in its discretion deems just, proper, and equitable.

## JURY DEMAND

Pursuant to Rule 28(b) of the Federal Rules of Civil Procedure, AAT demands a trial by jury on all issues triable as of right by jury in the above action.

Dated: November 3, 2014.				MASCHOFF BRENNAN

						By:	/s/ *Larry R. Laycock*
							Larry R. Laycock

							Attorneys for Plaintiff
							APPLIED ASPHALT TECHNOLOGIES, LLC